```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
BRIAN HEFFERNAN,

            Plaintiff,
                                                                    DECISION AND ORDER
     -against-                                                      12-cv-5410 (ADS)

MICHAEL J. ASTRUE, *Commissioner, Social
Security Administration*,

            Defendant.
----------------------------------------------------------X
```

**APPEARANCES:**

**Office of Christopher James Bowes**
*Attorneys for the Plaintiff*
54 Cobblestone Drive
Shoreham, NY 11786
      By: Christopher James Bowes, Esq., Of Counsel

**United States Attorneys' Office, Eastern District of New York**
*Attorneys for the Defendant*
610 Federal Plaza
Central Islip, NY 11722
      By: Robert W. Schumacher, II, Assistant United States Attorney

**SPATT, District Judge**.

On August 21, 2010, the Plaintiff Brian Heffernan (the "Plaintiff") filed for Social Security Disability benefits. He alleged a disability as of November 2009 due to chronic venous insufficiency, right foot ulcers, and bipolar disorder.

On December 2, 2010, the Defendant Commissioner of the Social Security Administration (the "SSA") denied his application.

On September 20, 2011, the Plaintiff, represented by counsel, appeared at an administrative hearing before an Administrative Law Judge ("ALJ"), Bruce MacDougall.

By Notice of Decision dated October 3, 2011, ALJ MacDougall denied the Plaintiff's claim based on a finding that he retained the residual functional capacity to perform sedentary work. The Plaintiff filed exceptions to the ALJ's decision.

By Notice of Appeals Council Action dated October 11, 2012, the Appeals Council denied review, finding no reason to review the ALJ's decision, thus making the ALJ's October 3, 2011 Decision the "final" administrative decision on the Plaintiff's application for benefits.

The Plaintiff retained the Office of Christopher James Bowes ("Bowes") to represent him in a federal court civil action challenging the final administrative decision on his claim. In exchange for those legal services, the Plaintiff agreed to pay 25% of his past due benefits as an attorney fee. (Contingency Fee Agreement, Bowes Decl., Exh A.)

On October 26, 2012, the Plaintiff commenced this action pursuant to the Social Security Act, 42 U.S.C. § 405(g) and 1383(c)(3) to review the SSA's final decision.

On May 1, 2013, the parties filed a stipulation, pursuant to the fourth sentence of 42 U.S.C. § 405(g), agreeing to reverse the SSA's decision denying the Plaintiff's claim and remand the claim for further administrative proceedings, including a new hearing and a new decision.

On May 2, 2013, the Court "So Ordered" the stipulation filed on May 1, 2013 and closed the case.

On May 6, 2013, judgment in accordance with that "So Ordered" stipulation was entered.

On July 29, 2013, the parties filed a stipulation, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, agreeing to award the Plaintiff $2,878.16 in attorney fees and $350 in costs, in full satisfaction of any claim under that statute. The EAJA award was designed

to be without prejudice to any subsequent application for fees that counsel may make under 42 U.S.C. § 406(b).

On July 30, 2013, the Court "So Ordered" the stipulation filed on July 29, 2013.

On November 13, 2013, a remand hearing was held, at which time the Plaintiff was represented by Bowes.

On December 4, 2013, ALJ MacDougall issued a fully favorable decision to the Plaintiff, finding him disabled for the relevant time period and entitled to disability benefits.

Thereafter, the SSA issued a Notice of Decision dated July 7, 2014 in which it stated that the Plaintiff was entitled to past due benefit payments from May 2010 through December 2013 totaling $112,287.90. The SSA further advised the Plaintiff that of this total award, it was withholding 25% of the past due benefits, $28,071.98, for payment of attorney fees.

On August 26, 2014, the SSA sent a Notice of Award to the Plaintiff's two children. In that award, the SSA advised the parties that it owed the Plaintiff's first child $50,240 in past due benefits, of which $12,560 was withheld for the attorneys' fee payment.

As to the Plaintiff's second child, the SSA paid $6,196.50 in past due benefits.

On October 10, 2014, the Plaintiff moved pursuant to 42 U.S.C. § 406(b) for an order approving the contingent fee agreement. In particular, the Plaintiff seeks an order directing the SSA to award $15,100 out of funds withheld by it from the Plaintiff's past due recovery for the period covered by the December 4, 2013 decision as set forth in the July 7, 2014 and August 26, 2014 Notices of Award, subject to a reduction of the EAJA attorneys fees of $2,878.16 already received by Bowes. The net desired award of attorneys' fees is $12,231.84.

# I. DISCUSSION

"An award of attorneys' fees under section 406(b)(1) of the Act is proper where: 1) there is a judgment in favor of the claimant; 2) the fee is awarded as part of the Court's judgment; and 3) the reasonable fee does not exceed twenty-five percent of the total amount of past-due benefits awarded to the claimant." Slaughter v. Astrue, No. 10–CV–3428 (DLI), 2014 WL 3585513, at *2 (E.D.N.Y. July 21, 2014).

Where, as here, "there is a contingency fee agreement in a successful social security case, the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990). "Factors considered in determining whether a fee request is reasonable include: 1) 'whether the retainer was the result of fraud or overreaching;" 2) "whether the attorney was ineffective or caused unnecessary delay;" 3) "whether the fee would result in a windfall to the attorney in relation to the services provided;" and 4) "the risk of loss the attorney assumed by taking the case.'" Barbour v. Colvin, No. 12-CV-00548 (ADS), 2014 WL 7180445, at *1 (E.D.N.Y. Dec. 10, 2014)(quoting Kazanjian v. Astrue, No. 09 civ. 3678 (BMC), 2011 WL 2847439, at *1 (E.D.N.Y. July 15, 2011)(citing Wells, 907 F.2d at 372))

Fees awarded under section 406(b)(1) are deducted from the claimant's past-due benefits, and it is the role of the district court to determine the reasonableness of the fee. 42 U.S.C. § 406(b)(1). "In addition, fee awards under both the EAJA and § 406(b) may be awarded, but the claimant's attorney must refund the claimant the amount of the smaller fee." Devenish v. Astrue, No. 12-CV-4567 (ADS), 2015 WL 332133, at *2 (E.D.N.Y. Jan. 24, 2015)(citing Porter v. Comm'r of Soc. Sec., No. 8:06–CV–1150 (GHL), 2009 WL 2045688, at *3 (N.D.N.Y. July 10,

2009); see also Wells v. Bowen, 855 F.2d 37, 48 (2d Cir. 1988)("Once appropriate fees under 42 U.S.C. § 406(b) are calculated, the district court should order Attorney Hogg to return the lesser of either that amount or the EAJA award to his clients.").

Here, the proposed fee of $15,100 for 15.1 hours of work rendered before this Court, including the EAJA award, is well within the 25% cap, which is $28,071.98. Furthermore, there are no allegations of fraud or overreaching with respect to the retainer agreement. Moreover, there is nothing to suggest that counsel was ineffective or caused delay. Therefore, the sole question for the Court is whether a fee of $15,100 for 15.1 hours would result in a windfall to Bowes.

There is no clear criterion for determining when an award would result in a windfall; however, courts in this Circuit had identified several relevant considerations:

> (1) whether the attorney's efforts were particularly successful for the plaintiff, (2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, (3) whether the case was handled efficiently due to the attorney's experience in handling social security cases.

Rowell v. Astrue, No. 05–CV–1592 (CBA)(JMA), 2008 WL 2901602, at *1 (E.D.N.Y. July 28, 2008)(quoting Trupia v. Astrue, No. 05–CV–6085 (SJF), 2008 WL 858994, at *4 (E.D.N.Y. March 27, 2008)).

In addition, "[a]lthough the reviewing court may not use the lodestar method to calculate the fee due, a record of the number of hours spent on the case in federal court may assist a court in determining whether a given fee is reasonable." Whittico v. Colvin, No. 5:09–CV–907 (FJS), 2014 WL 1608671, at *4 (N.D.N.Y. Apr. 22, 2014)(citing Benton v. Comm'r of Soc. Sec., No. 03 CV 3154 (ARR), 2007 WL 2027320, *2 (E.D.N.Y. May 17, 2007).

In the case at bar, the Plaintiff seeks an award of $15,100 for 15.1 hours of work, resulting in an effectively hourly rate of $1,000. This is well above the $200—$375 hourly rate considered to be appropriate for attorneys in the Eastern District working in other areas of the law. See e.g., In re Sinus Buster Products Consumer Litig., No. 12–CV–2429 (ADS), 2014 WL 5819921, at *15 (E.D.N.Y. Nov. 10, 2014)("Recent Eastern District cases have indicated that the range of appropriating billing rates is $200–$375 for partners and $100–$300 for associates .") (citing United States v. Jones, No. 11–CV2869 (JFB), 2013 WL 6408639, at *3 (E.D.N.Y. Dec. 9, 2013)); see also Fastener Dimensions, Inc. v. Massachusetts Mut. Life Ins. Co., No. 12CV8918 (DLC), 2014 WL 5455473, at *10 (S.D.N.Y. Oct. 28, 2014)("In the Eastern District of New York, courts have awarded $200–$300 for senior associates and $100–$200 for junior associates in ERISA suits and similar cases.").

Notwithstanding the usual hourly rate decisions, courts in this Circuit routinely approve fee awards in the social security context that are above the regular hourly rates. See e.g., Barbour v. Colvin, No. 12–CV–00548 (ADS), 2014 WL 7180445, at *2 (E.D.N.Y. Dec. 10, 2014)(approving $26,784 award for 44.7 hours of work); Warren v. Astrue, No. 06–CV–2933 CBA, 2011 WL 5402493, at *1 (E.D.N.Y. Nov. 7, 2011) ("[A]lthough $25,000.00 is a substantial sum for 38 hours of work, it does not constitute a windfall when balanced against the excellent result counsel obtained and the risk of loss inherent in the retainer's contingency arrangement."); Rowell v. Astrue, No. 05–CV–1592 (CBA)(JMA), 2008 WL 2901602, at *5 (E.D.N.Y. July 28, 2008)("[C]ourts in this circuit have generally refrained from finding a windfall based on the resulting hourly rate when the contingent fee falls within the 25 percent boundary.").

However, courts have also reduced awards in circumstances analogous to the instant case.

For example, in Whittico, the plaintiff's attorney successfully represented him in appealing the denial of his disability benefits by the SSA, ultimately resulting in an award of $115,000. Pursuant to a contingency fee agreement, the plaintiff's counsel sought fees of $24,882.23 for 19.7 hours of work, which resulted in an effective hourly rate of $1,100.62. 2014 WL 1608671, at *1.

However, the court found that awarding such a fee would result in a windfall to the plaintiff's attorney. Id. at *6. The court reasoned that the "work that [the][p]laintiff's counsel expended before this [c]ourt was minimal and, primarily, routine in nature." Id. at *6. It noted that he "did not file a legal brief in this case regarding the merits of [the][p]laintiff's claims because the [c]ourt, as a result of the parties' stipulation, remanded this case pursuant to sentence six of § 405(g)." Id. The court also pointed to the fact that "many of the 12.5 hours that [the] [p]laintiff's counsel expended on work before this [c]ourt involved reviewing decisions or other documents, telephone conferences, and correspondence; and, in addition, 2.8 of those hours involved [the] [p]laintiff's motion for fees under the EAJA." Id. The court weighed these considerations against the successful result achieved by the plaintiff's attorney and the "inherent uncertainty of non-payment . . . involved . . . [in] contingency agreements," and reduced the requested fees by more than $11,000 and awarded $13,000 in fees. Id.

Similarly, in Benton, the plaintiff's counsel sought a contingency award of $44,694.75 for 33.5 hours of work in successfully representing the plaintiff in a social security appeal. The requested fees resulted in an effective hourly rate of $1,334.17. 2007 WL 2027320, at *3 (E.D.N.Y. May 17, 2007). The court found that such an award would result in a windfall to the plaintiff's attorney and instead awarded $15,000 in fees. Id. The court's award reflected an hourly rate of $447.76, which it found "satisfie[d] the underlying policy goal of enabling social

7

security claimants to secure quality legal representation." Id.; see also Muniz v. Astrue, No. 09–CV–3954 (ARR), 2011 WL 5563506, at *6 (E.D.N.Y. Nov. 15, 2011)("The court finds that an award of $2,500.00 would adequately compensate Mr. Delott for the time spent on the case before this court and for the risks he accepted in undertaking representation of [the] plaintiff. Further, an award of fees of this sum — amounting to an hourly rate of $333.33 — satisfies the underlying policy goal of enabling social security claimants to secure quality legal representation.").

Finally, in Devenish, the same counsel as in this case, the Office of Christopher James Bowes, sought an award of award of $14,700 for 14.7 hours, resulting in an effective hourly rate of $1,000. As in this case, Bowes, "though successful, did not prepare any memorandum of law in support of his complaint or advance any legal arguments because the ALJ's denial of the Plaintiff's benefits claim was vacated and remanded to the SSA by stipulation of the parties." Devenish, 2015 WL 332133, at *4; see Whittico, 2014 WL 1608671, at *6 ("[Counsel] did not file a legal brief in this case regarding the merits of Plaintiff's claims because the Court, as a result of the parties' stipulation, remanded this case pursuant to sentence six of § 405(g).").

Further, the record here shows that Bowes spent a total of 2.4 hours discussing with the Plaintiff "additional" evidence and records. Any such "additional evidence" was not relevant to supporting a reversal of the Commissioner's decision, based on the then existing SSA record, before this Court. Further, Bowes spent 1.9 hours drafting the EAJA fee demand after the remand. Whittico, 2014 WL 1608671 at *6 ("many of the 12.5 hours that [the][p]laintiff's counsel expended on work before this [c]ourt involved reviewing decisions or other documents, telephone conferences, and correspondence; and, in addition, 2.8 of those hours involved [the][p]laintiff's motion for fees under the EAJA.").

8

Therefore, the Court finds that, contrary to the contentions of the Plaintiff and the SSA, the request for $15,100 for 15.1 hours of work in this case would result in an unreasonable fee to Bowes in light of the relatively modest amount of work undertaken by him in connection with his representation of the Plaintiff before this Court. Instead, the Court finds that an award of $5,285 would adequately compensate Bowes for the time that he spent on this case and for the risks that he accepted in undertaking the representation of the Plaintiff on a contingency basis. "Furthermore, an award of this fee — amounting to an hourly rate of $350 — satisfies the underlying policy goal of ensuring that claimants have qualified counsel representing them in their social security appeals." Devenish, 2015 WL 332133, at *5.

## II. CONCLUSION

For the foregoing reasons, it is hereby ordered that the Plaintiff's motion for attorneys' fees under 42 U.S.C. § 406(b) is granted in part, and Bowes is awarded $5,285 in attorneys' fees. Upon receipt of this award from the Defendant, Bowes shall promptly refund to the Plaintiff $2,878.16, representing EAJA fees already received by counsel. The case remains closed.

**SO ORDERED.**
Dated: Central Islip, New York
February 10, 2015

              *Arthur D. Spatt*
              ARTHUR D. SPATT
              United States District Judge